UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-62281-CIV-ALTONAGA/Strauss

**ALEXANDER MEDINA**,

    Plaintiff,
v.

**KILOLO KIJAKAZI**,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

On November 4, 2021, Plaintiff, Alexander Medina filed a Complaint [ECF No. 1] seeking review of the denial of his claims for supplemental security income benefits under the Social Security Act. The Clerk referred the matter to Magistrate Judge Jared M. Strauss for a report and recommendation on dispositive matters. (*See* Clerk's Notice [ECF No. 2]). Defendant filed the Administrative Record [ECF No. 17] on March 9, 2022. Plaintiff and Defendant later filed Motions for Summary Judgment on April 25, 2022 [ECF No. 19] and June 23, 2022 [ECF No. 22], respectively. Defendant filed a Response to Plaintiff's Motion [ECF No. 23], to which Plaintiff filed a Reply [ECF No. 24].

The case now comes before the Court on Magistrate Judge Strauss's Report and Recommendation [ECF No. 25], entered on August 23, 2022. The Magistrate Judge recommends that the Court deny Plaintiff's Motion; grant Defendant's Motion; and affirm the decision of the Administrative Law Judge ("ALJ"). (*See generally* Report). On September 6, 2022, Plaintiff timely filed his Objections [ECF No. 26] to the Report, to which Defendant filed a Response [ECF No. 27]. For the following reasons, the Report is affirmed and adopted.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). Given Plaintiff's Objections, the Court has reviewed the Report *de novo*.

Plaintiff seeks Supplemental Security Income benefits for his alleged ADHD disability. (*See* Pl.'s Mot. 2, 4). The ALJ found that Plaintiff has ADHD but nonetheless concluded he is not disabled and denied his claim. (Admin. R. 46).[1] In seeking reversal of the ALJ's decision, Plaintiff argued that the ALJ erroneously disregarded the opinion of Plaintiff's expert, Dr. William Pittack. (*See* Pl.'s Mot. 8). The Magistrate Judge rejected Plaintiff's argument. (*See* Report 8). The Court agrees with the Magistrate Judge's conclusion and explains below.

Plaintiff objects to the Magistrate Judge's findings that "the ALJ's supportability determination is supported by substantial evidence and that his failure to expressly address consistency does not warrant remand under the circumstances of this case." (Obj. 1 (quotation marks omitted); *see also* Report 11). Key to Plaintiff's arguments are the regulations that guide the ALJ's evaluation of a treating physician.

ALJs are required to evaluate five factors when considering a treating physician's opinion: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) any other factors that "tend to support or contradict a medical opinion[.]" 20 C.F.R. § 416.920c(c) (alteration added). The first two factors — supportability and consistency — are the most important and must be addressed in the ALJ's decision. *See id.* § 416.920c(b)(2). Supportability requires evaluating the "objective medical evidence and supporting explanations presented by a medical source[.]" *Id.* § 416.920c(c)(1) (alteration added). Consistency is similar but requires comparing the physician's opinion to "other medical sources and nonmedical sources in the

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Case No. 21-62281-CIV-ALTONAGA/Strauss

claim[.]" *Id.* § 416.920c(c)(2) (alteration added).

The Magistrate Judge agreed with Plaintiff that "the ALJ and Appeals Council erred in failing to expressly address the issue of consistency in evaluating Dr. Pittack's opinion[,]" but ultimately concluded that "th[e] error was harmless because it did not affect the ALJ's ultimate determination, and therefore, that remand would be a wasteful corrective exercise." (Report 15 (alterations added; quotation marks omitted; collecting cases)). Plaintiff objects to the Magistrate Judge's conclusion and insists that the ALJ's failure to *explicitly* address the consistency factor necessitates remand. (*See* Obj. 3 (citing *Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021); *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. 2022))).

Not only does Plaintiff fail to address ample case law within the Eleventh Circuit that disagrees with his position,[2] but the authorities he relies on are inapposite. In both *Loucks* and *Bonnett*, the courts remanded the cases because the ALJs failed to address or explain whether the physicians' opinions were consistent. *See Loucks*, 2022 WL 2189293, at *2 ("[T]he ALJ did not address the opinion's supportability or explain how the opinion was consistent with the record, except to conclude that it was." (alteration added; citation omitted)); *Bonnett*, 859 F. App'x at 20 ("[S]he did not address whether his opinion was consistent with the other evidence of record[.]" (alterations added; citation omitted)). The same flaw is not present here.

For example, the ALJ pointed out at the hearing that the state agency psychologists' findings were inconsistent with Dr. Pittack's conclusions. (*See* Admin. R. 61–62; *see also id.* 84–89, 96–101). The ALJ also noted in his decision that Plaintiff and Dr. Pittack disagreed with respect to the former's ability to function. (*See id.* 41, 43–44, 326–327). Given the ALJ's fact-

---

[2] *See, e.g.*, *Alvarez v. Comm'r of Soc. Sec.*, No. 20-cv-24711, 2022 WL 2092886, at *2 (S.D. Fla. June 10, 2022); *Frye v. Comm'r of Soc. Sec.*, No. 6:21-cv-741, 2022 WL 1045719, at *5 (M.D. Fla. Apr. 7, 2022); *Thaxton v. Kijakazi*, No. 1:20-cv-00616, 2022 WL 983156, at *8 (M.D. Ala. Mar. 30, 2022); and *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197, 2021 WL 1565832, at *5 (M.D. Fla. Apr. 6, 2021).

intensive analysis, Plaintiff can only prevail if the law requires a talismanic incantation of the word "consistency." But courts have repeatedly rejected such a formalistic requirement, and the undersigned agrees with their conclusion. *See Alvarez*, 2022 WL 2092886, at *2 ("[C]ourts have held that the ALJ need not use any 'magic words' in considering the two factors." (alteration added; collecting cases)).

As for Plaintiff's argument that the ALJ's opinion is not supported by substantial evidence, the Court disagrees. Plaintiff insists that the ALJ omits "any substantive discussion for the absolute, unqualified rejection of Dr. Pittack's treating source opinion" (Obj. 4), despite apparent counterexamples, only one of which Plaintiff acknowledges: (1) "The letters written by Dr. Pittack . . . only show the claimant' [sic] diagnosis and medications but do not indicate that the claimant has any limitations due to his impairments, and are therefore not an opinion as defined by the regulations" (Admin. R. 44 (alteration added)); (2) "The statement by Dr. Pittack . . . indicating that the claimant has mostly extreme limitations in mental functioning is not persuasive with his contemporaneous treating records that mostly show improvement of ADHD symptoms with medications" (*id.* (alteration added)); and (3) "[T]he psychologists found that the claimant had mild limitations in understanding, remembering and applying information, interacting with others, and in adapting and managing oneself" *id.* (alteration added)).

Furthermore, in disputing whether substantial evidence supports the ALJ's findings, Plaintiff challenges the weight the ALJ gave to the psychologists' reviews. (*See* Obj. 5–7). This argument fundamentally misunderstands the substantial evidence standard of review. The Court "may not reweigh the evidence and decide facts anew and must defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it." *Strickland v. Comm'r of Soc. Sec.*, 516 F. App'x 829, 831 (11th Cir. 2013) (citation omitted). And as already

Case No. 21-62281-CIV-ALTONAGA/Strauss

discussed, substantial evidence exists to support the ALJ's decision.

In short, the undersigned fully agrees with the analysis and recommendations contained in the Report. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report and Recommendation **[ECF No. 25]** is **AFFIRMED AND ADOPTED** as follows:

1. Plaintiff's Motion for Summary Judgment **[ECF No. 19]** is **DENIED**.

2. Defendant's Motion for Summary Judgment **[ECF No. 22]** is **GRANTED**.

3. Final judgment shall issue separately.

**DONE AND ORDERED** in Miami, Florida, this 26th day of September, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   Magistrate Judge Jared M. Strauss
      counsel of record